UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GOVEA, | 1:18-cv-01004-JDP |
| Plaintiff, | SCREENING ORDER |
| v. | FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS |
| FRESNO CO. JAIL, *et al.*, | ECF No. 1 |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed July 26, 2018, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that prison officials wrongfully withheld medical care, causing him harm. Plaintiff, however, has failed to state any claim because his allegations do not satisfy the requirements of § 1983. Specifically, plaintiff fails to allege (1) personal participation by the individual defendant and (2) the existence of an unconstitutional policy or custom executed by the municipal defendants. Accordingly, we will order plaintiff either to file an amended complaint or to notify the court that he wishes to stand on his complaint, subject to the court issuing findings and recommendations to a district judge consistent with this order.

I. **SCREENING AND PLEADING REQUIREMENTS**

A district court is required to screen a prisoner's complaint seeking relief against a

governmental entity, its officer, or its employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

**II.     COMPLAINT[1]**

Plaintiff is currently incarcerated at Wasco State Prison in Wasco, California, ECF No. 6, and claims constitutional violations arising out of his incarceration at Fresno County Jail, ECF No. at 1. Plaintiff names three defendants: (1) Fresno County;[2] (2) Corizon, an individual on the

---

[1] The court draws the facts of this section from plaintiff's complaint, ECF No. 1, and accepts them as true for purposes of screening.

[2] Though plaintiff names "Fresno Co." as the defendant, he states on the standardized complaint form that defendant Fresno County is employed as the Sheriff's Department. ECF No. 1 at 2. Plaintiff is advised that the Fresno County Sheriff's Office is a legal entity apart from Fresno County. Should plaintiff wish to sue the Sheriff's Office, he should explicitly name it as a

2

medical staff at Fresno County Jail; and (3) Correctional Medical Group Company ("CMGC") at Fresno County Jail. ECF No. 1 at 2.

Plaintiff alleges:

> I was booked into Fresno Co. Jail on 5/17/18 and, on intake, [I] informed booking nurse that I was taking Celexa and signed a release form to verify medication for Winton's/Vista Pharmacy. To date 7/16/18, I have not seen a doctor. Fresno Co. and Corizon and CMGC [have] failed to provide me with mental health treatment. I suffer real bad anxiety and [paranoia] when in dorm settings in jails or prison because I've been attacked by several inmates at once in the Fresno Co. Jail in 2015, also by inmates in Valley State Prison in Dec. of 2016.

ECF No. 1 at 3 (capitalization and punctuation altered). Plaintiff alleges that this lack of care led to severe mental anguish and suicidal ideation. *Id.* Plaintiff further alleges that he submitted "numerous" requests to see a doctor for various medical issues, but he was only able to see a nurse on two occasions. *Id.* at 4.

### III. DISCUSSION

#### A. Requirements Under 42 U.S.C. § 1983

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017). To state a claim under § 1983, a plaintiff must allege that a person, while acting under color of state law, personally participated in the deprivation of a right secured by federal law. *See Soo Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). A defendant personally participates in a deprivation "if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Atayde v. Napa State Hosp.*, 255 F. Supp. 3d 978, 988 (E.D. Cal. 2017) (quoting *Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012)). Vague and conclusory allegations of personal involvement in an alleged deprivation do not suffice. *Id.*

---

defendant in an amended complaint. *See Payne v. Cty. of Calaveras*, No. 117CV00906DADSKO, 2018 WL 6593347, at *3 (E.D. Cal. Dec. 14, 2018) (holding that Calaveras County Sheriff's Office could be sued under § 1983).

3

| | |
|---|---|
| 1 | Plaintiff has failed to allege facts showing that defendant Corizon personally participated |
| 2 | in any constitutional violation. Plaintiff states only that Corizon worked as a nurse at the Fresno |
| 3 | County Jail and that she or he failed to provide plaintiff with mental health treatment. ECF No. 1 |
| 4 | at 2-3. To state a claim, plaintiff must provide further details about Corizon's actions or inaction. |
| 5 | If plaintiff seeks to amend his complaint to cure this deficiency, he might consider stating, for |
| 6 | example: (1) whether plaintiff had a medical appointment with Corizon; (2) whether plaintiff |
| 7 | explained his medical issue to Corizon; and (3) how Corizon specifically denied him medical care |
| 8 | that he required. |
| 9 | We next consider whether plaintiff has the met the § 1983 pleading requirements for the |
| 10 | remaining two defendants: Fresno County and CMGC. Local governmental units, such as |
| 11 | counties or municipalities, are considered "persons" within the meaning of § 1983. *Will v.* |
| 12 | *Michigan Dept. of State Police*, 491 U.S. 58, 70 (1989); *Monell v. Dep't of Soc. Servs. of City of* |
| 13 | *New York*, 436 U.S. 658, 690-91 & n.54 (1978). A governmental entity may be found liable |
| 14 | under § 1983, but not "solely because it employs a tortfeasor—or, in other words, a municipality |
| 15 | cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. |
| 16 | Instead, a governmental entity can be liable under § 1983 when an injury is inflicted by the |
| 17 | "execution of a government's policy or custom, whether made by its lawmakers or by those |
| 18 | whose edicts or acts may fairly be said to represent policy." *Id.* at 694. |
| 19 | A private entity "that contracts with the government to provide medical and mental health |
| 20 | care may be considered a state actor whose conduct constitutes state action under Section 1983." |
| 21 | *Estate of Jessie P. Contreras v. County of Glenn*, No. 2:09-CV-2468-JAM-EFB, 2010 WL |
| 22 | 4983419, at \*4 (E.D. Cal. Dec. 2, 2010) (citing *Jensen v. Lane County*, 222 F.3d 570, 574-75 (9th |
| 23 | Cir. 2000). The Ninth Circuit has held that there is "no basis in the reasoning underlying *Monell* |
| 24 | to distinguish between municipalities and private entities acting under color of state law." *Tsao v.* |
| 25 | *Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). |
| 26 | Plaintiff has failed to state claims against defendants Fresno County and CMGC because |
| 27 | he has not alleged that the deprivations of his constitutional rights were caused by defendants' |
| 28 | policies, customs, or practices. *See Monell*, 436 U.S. at 694; *Tsao*, 698 F.3d at 1139. Instead, |

plaintiff alleges only that the defendants failed to provide him care.  If plaintiff can amend his allegations to comply with the requirements of *Monell*, he may do so in an amended complaint.

**B.  Legal Standards**

Plaintiff has not complied with the requirements of § 1983 and has therefore failed to state a claim.  Nonetheless, considering plaintiff's pro se status, the court will explain the legal standards for the constitutional violation of deliberate indifference because they are relevant to his factual allegations.  Plaintiff should consider the following standards if he files an amended complaint against a properly-named defendant that complies with the requirements of § 1983.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  "This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).  Indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  *Id.*  When a prisoner alleges a delay in receiving medical treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate indifference to serious medical needs.  *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that

person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)

### IV. CONCLUSION AND ORDER

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within thirty days, we will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[3] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short,

---

[3] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

6

concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, within thirty days from the date of service of this order, plaintiff must file an amended complaint. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: __April 5, 2019__   _____
UNITED STATES MAGISTRATE JUDGE

No. 203.