UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY GOVEA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO CO. JAIL, *et al.*,<br><br>　　　　　Defendants. | 1:18-cv-01004-JDP<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR PLAINTIFF'S FAILURES TO PROSECUTE, TO COMPLY WITH COURT ORDER, AND TO STATE A CLAIM<br><br>OBJECTIONS, IF ANY, DUE IN FOURTEEN DAYS |

　　　　Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On April 8, 2019, the court screened plaintiff's complaint under 28 U.S.C. § 1915A and concluded that he failed to state a claim upon which relief could be granted. ECF No. 7. Accordingly, the court ordered plaintiff to file an amended complaint within thirty days, warning plaintiff that failure to comply would result in the dismissal of this action. *Id.* Nonetheless, plaintiff failed to file an amended complaint, thereby disobeying the court's order.

　　　　The court may dismiss a case for plaintiff's failure to prosecute or failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). Involuntary dismissal is a harsh penalty, but a district court has duties to resolve disputes expeditiously and to avoid needless burden for the parties. *See*

Fed. R. Civ. P. 1; *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

In considering whether to dismiss a case for failure to prosecute, a court ordinarily considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). These heuristic factors merely guide the court's inquiry; they are not conditions precedent for dismissal. *See In re Phenylpropanolamine (PPA) Products Liability Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, pendency of a lawsuit, on its own, is not sufficiently prejudicial to warrant dismissal. *Id.* (citing *Yourish*, 191 F.3d at 991). However, delay inherently increases the risk that witnesses' memories will fade and evidence will become stale, *id.* at 643, and it is plaintiff's failure to prosecute this case that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court that would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering plaintiff's apparent inability to pay the filing fee, and—given the stage of these proceedings—the preclusion of evidence or witnesses is not available. Accordingly, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

After weighing the factors, including the court's need to manage its docket, the court finds that dismissal is appropriate. The court will recommend dismissal without prejudice.

**ORDER**

The clerk of court is directed to assign this case to a district judge, who will preside over this case. The undersigned will remain as the magistrate judge assigned to the case.

**FINDINGS AND RECOMMENDATIONS**

The court recommends that the case be dismissed for plaintiff's failures to prosecute, to comply with court orders, and to state a claim upon which relief may be granted. The undersigned submits these findings and recommendations to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. The document containing the objections must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C). The parties' failure to file objections within the specified time may waive their rights on appeal. *See Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: May 20, 2019

UNITED STATES MAGISTRATE JUDGE

No. 203

3